IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOYCE M. DOWDEN                                                                                PLAINTIFF

v.                                        CIVIL NO. 11-3048

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                 DEFENDANT

**MEMORANDUM OPINION**

Pending before this Court is the above action seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's claims for disabled adult child (DAC) benefits under Title II.[1] (Doc. 1). In reviewing the record, the Court had questions regarding inconsistencies with dates used in the ALJ's January 29, 2010 decision (Tr. 15-27), as well as by the Appeals Council Notice dated May 27, 2011. (Tr.10-14). By Order dated August 28, 2012, the Court directed each party to file supplemental briefs addressing these inconsistencies. (Doc. 12). Both parties filed supplemental briefs on

---

[1] 20 C.F.R. § 404.350(a) states as follows:

a) General. You are entitled to child's benefits on the earnings record of an insured person who is entitled to old-age or disability benefits or who has died if--

(1) You are the insured person's child, based upon a relationship described in §§ 404.355 through 404.359;

(2) You are dependent on the insured, as defined in §§ 404.360 through 404.365;

(3) You apply;

(4) You are unmarried; and

(5) You are under age 18; you are 18 years old or older and have a disability that began before you became 22 years old; or you are 18 years or older and qualify for benefits as a full-time student as described in § 404.367.

September 10, 2012. (Docs. 14, 15).

One of the Court's inquiries was in regard to a cessation of benefits claim that the ALJ mentioned as being before him during the September 21, 2009 administrative hearing, but did not address in the January 29, 2010 unfavorable decision. In response to the Court's inquiry, Defendant stated as follows:

> Due to the complexity of the cessation matter, the ALJ specifically recommended that before addressing the matter Plaintiff seek legal representation, which the mother agreed to do (Tr. 983). As a result, at the administrative hearing, the ALJ addressed only Plaintiff's September 21, 2007 application for benefits, and did not discuss the cessation issue any further at the administrative hearing (Tr. 982-993). Therefore, the ALJ, properly, did not address the cessation of benefits matter in the January 29, 2010, administrative decision (Tr. 18-27). Additionally, Plaintiff did not raise cessation of benefits as an issue in her appeal brief.

(Doc. 14, p. 3).

Pursuant to 20 C.F.R. §416.987, when an individual who was granted supplemental security income (SSI) benefits as a child attains the age of 18, that individual's eligibility for continued SSI benefits as an adult must be redetermined. Social Security Ruling 11-2P, indicates that individuals between the age of 18 to approximately 25 are considered young adults, and that disability determinations for young adults are the same as for other adults. Social Security Ruling 11-2P, <u>TITLES II AND XVI: DOCUMENTING AND EVALUATING DISABILITY IN YOUNG ADULTS</u>, 2011 WL 4055665, 2 (September 12, 2011).

As pointed out by Defendant in the supplemental brief, the ALJ found the relevant time period to be November 1, 2001, Plaintiff's alleged onset date, through January 29, 2010, the date of the ALJ's decision. The record shows that Plaintiff was granted child SSI benefits on May 6, 2002, and received SSI child benefits from November 1, 2001, until her case was reviewed

by a hearing officer under the adult standard in January of 2008, as Plaintiff had turned 18 years of age on November 20, 2007. (Tr. 41). The ALJ's January 29, 2010, unfavorable decision stated that it considered the time period of November 2001, the date of Plaintiff's child SSI application, through the date of the decision. The Court questions how the ALJ could have side-stepped discussing the cessation of benefits claim when he stated during the September 21, 2009, administrative hearing that the cessation of benefits claim was also before him; and the time period in question pertains to both the cessation of benefits claim and the disabled adult child claim. (Tr. 983).

As Plaintiff's Title II application for disabled adult child benefits pertains to the same time period as Plaintiff's cessation of benefits claim, and the same adult standard is used to evaluate both claims, the Court finds remand necessary so that the ALJ can more fully and fairly develop the record regarding Plaintiff's cessation of benefits claim.

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 19th day of September, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)